[No. B223686. Second Dist., Div. Four. Nov. 24, 2010.]

AMERICAN EXPRESS BANK, FSB, Plaintiff and Respondent, v.
DAVID F. KAYATTA, Defendant and Appellant.

Counsel

The Dolan Law Firm and Peter Brown Dolan for Defendant and Appellant.

Law Offices of Peter A. Jaffe and Douglas Jaffe for Plaintiff and Respondent.

Opinion

MANELLA, J.—

## INTRODUCTION

David F. Kayatta appeals from judgment in the amount of $265,025.80 following an order granting summary judgment to respondent American Express Bank, FSB (American Express). He contends that the superior court erred in granting summary judgment because American Express had a duty to advise him that "it had filed suit against, or obtained a judgment against, [a third party], in the Los Angeles County Superior Court, for nonpayment of his charge card bill, before issuing [the same third party] an additional card on Mr. Kayatta's charge card account." Because Kayatta has not met his burden of showing that American Express had such a duty of disclosure, we affirm the judgment in its entirety.

## FACTUAL AND PROCEDURAL HISTORY

On July 15, 2008, American Express filed a verified complaint for money damages against Kayatta. In the complaint, American Express alleged that Kayatta entered into an agreement with American Express whereby American Express opened an American Express business centurion credit card (charge card) for Kayatta. In return, "Kayatta, as the Authorizing Officer, agreed to pay for all amounts charged on the Business Account card, along with the delinquency charges, interest, costs and fees included in the American Express Business Centurion Card Member Agreement between the parties ('Business Agreement')." The business agreement was attached as exhibit A to the complaint. American Express further alleged that the total amount due on the charge card account was $265,025.80.

Kayatta filed a verified answer in which he alleged that he paid in full each and every charge that he personally made on the account. The balance on the

charge card account was from charges made by Robert E. Francis and Walter Coulter. Kayatta also asserted an affirmative defense—that American Express was grossly negligent in issuing a charge card to Francis when "it knew, or should have known, that its affiliate American Express Travel Related Services Company, Inc. obtained a Judgment by Default against him on August 31, 2004 in the Superior Court of the State of California" and thus American Express assumed the risk that Francis would not repay the charges made on Kayatta's charge card account.

On August 31, 2009, American Express filed a motion for summary judgment on its verified complaint for damages. Kayatta filed an opposition to the motion and evidentiary objections to the supporting declarations. On September 29, 2009, the superior court overruled Kayatta's evidentiary objections and granted American Express's motion for summary judgment, noting "Defendant provides no authority, no case law, no statute, [and] no principle of law, for the proposition that he, as the primary cardholder, is relieved from liability if other supplemental cardholders make charges on the account." Judgment in the amount of $265,025.80 was entered on October 22, 2009. Kayatta then filed a timely notice of appeal.

## DISCUSSION

This court reviews an order granting summary judgment de novo, "considering all of the evidence the parties offered in connection with the motion (except that which the [trial] court properly excluded) and the uncontradicted inferences the evidence reasonably supports. [Citation.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [110 Cal.Rptr.2d 370, 28 P.3d 116].) "[T]he party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law. . . . There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [107 Cal.Rptr.2d 841, 24 P.3d 493], fn. omitted.) " 'Once the [movant] has met that burden, the burden shifts to the [other party] to show that a triable issue of one or more material facts exists as to that cause of action . . . .' " (*Id.* at p. 849.)

Here, American Express has shown that there is no triable issue of material fact on its contractual cause of action against Kayatta. It is undisputed that Kayatta was the basic cardmember and that Francis was an additional cardmember. It is also undisputed that there is a remaining unpaid balance of

$265,025.80 on the charge card account. Finally, it is undisputed that American Express provided Kayatta with a business agreement and that Kayatta accepted the agreement.

The business agreement provided that: "You [the cardholder] promise to pay all Charges, including Charges incurred by Additional Cardmembers, on your Account. This promise includes any Charge for which you or an Additional Cardmember indicated an intent to incur the Charge, even if you or the Additional Cardmember have not signed a charge form or presented the Card. You also promise to pay any Charge incurred by anyone that you or an Additional Cardmember let use the Card, even though you have agreed not to let anyone else use the Card."

The business agreement also stated that: "Additional Cardmembers do not have accounts with us. Instead, they are authorized users on the Card Account, and the Cards issued to them may be canceled by the Basic Cardmember or Company or us at any time. You must notify us to revoke an Additional Cardmember's permission to use the Card Account. The Company and the Basic Cardmember are responsible under this Agreement for all use of the Card Account by the Basic Cardmember and Additional Cardmembers, and by anyone else the Basic Cardmember or an Additional Cardmember lets use the Card, and the Charges they incur will be billed to the Basic Cardmember. The Company and the Basic Cardmember have this responsibility even if they did not intend for an Additional Cardmember, or other person, to use the Card for any transaction. The Company and the Basic Cardmember are also responsible for any losses as well as any other consequences related to or resulting from actions taken by any third parties authorized to act on behalf of the Company and the Basic Cardmember."

Based on the undisputed facts and the terms of the business agreement, there is no triable issue of material fact as to whether Kayatta owed $265,025.80 to American Express. Kayatta contends, however, that he is not liable for this amount because American Express failed to inform him that Francis was a poor credit risk. According to Kayatta, "[t]he fundamental legal issue in this case is whether American Express had a duty to advise Mr. Kayatta either that it had filed suit against, or obtained a judgment against, Mr. Francis, in the Los Angeles County Superior Court, for non-payment of his charge card bill, before issuing Mr. Francis an additional card on Mr. Kayatta's charge card account." Kayatta apparently contends that American Express is barred from enforcing the business agreement because it failed to inform him that one of its affiliates had obtained a judgment against

Francis. Because the business agreement did not provide that American Express has such a duty of disclosure, Kayatta posits three extracontractual sources for this duty: (1) federal and state statutes and regulations on credit accounts; (2) the "special relationship" of "trust and confidence" between American Express and Kayatta; and (3) the implied covenant of good faith and fair dealing. We address each in turn.

### 1. Duty to Disclose Based upon Credit Card Statutes and Regulations.

■ Kayatta contends that "[t]he federal Truth in Lending Act, 15 USC § 1601 et seq.; Federal Reserve Regulation Z, 12 CFR § 226 et seq.; and the Song-Beverly Credit Card Act of 1971, Civil Code § 1747 et seq." impose a duty of disclosure on American Express. We generally agree with Kayatta's assertion that these statutes and regulations are "intended to allow the card holder to make an *informed decision* as to his or her or its use of the card, as well as the potential obligations of allowing others either to use their card, or have an 'additional card' issued on the same card account." However, Kayatta points to no language in these statutes or regulations providing that American Express has a duty to disclose to the basic cardmember that it, or one of its affiliates, obtained a judgment against an additional cardmember. Thus, there is no specific statutory language imposing upon American Express such a duty of disclosure.

Kayatta contends that the principles and purposes of the federal Truth in Lending Act (15 U.S.C. § 1601 et seq.) create a duty of disclosure. His reliance on three nonprecedential opinions is unpersuasive. Kayatta cites the dissenting opinion in *Walker Bank & Trust Co. v. Jones* (Utah 1983) 672 P.2d 73, for the argument that the statute " 'reflects a policy decision that it is preferable for the issuer to bear fraud losses arising from credit card use' " because " 'the statutory choice of issuer liability assures that the problem of credit card loss is the responsibility of the party most likely to take efficient steps to its resolution.' " (*Id.* at p. 77 (dis. opn. of Durham, J.), italics omitted.) However, Kayatta does not explain why this dicta is helpful to his case. In that case, the former additional cardmembers continued to use the credit cards even after the basic cardmembers had informed the bank that the credit card accounts should be closed. (*Id.* at p. 74.) In contrast, here there is no contention that Kayatta had closed the charge account or had informed American Express that it should deny Francis any further credit.

*Minskoff v. American Express Travel Related Services Co.* (2d Cir. 1996) 98 F.3d 703, is similarly distinguishable. There, an executive assistant to Minskoff fraudulently obtained an additional charge card in his name and incurred charges. (*Id.* at p. 706.) The court held that Minskoff was liable for

all charges fraudulently incurred by the executive assistant from the time Minskoff was put on notice of those charges and negligently failed to dispute them. (*Id.* at p. 710.) Here, there is no contention that Francis fraudulently obtained an additional charge card.

Finally, Kayatta's argument finds no support in *First Nat'l Bank v. Roddenberry* (11th Cir. 1983) 701 F.2d 927. There, the court held that credit card "[d]ebts incurred prior to unconditional revocation [of the credit card by the issuer] may be dischargeable [in bankruptcy]. However, debts incurred with the knowledge that one is not entitled to possession or use of a credit card are nondischargeable." (*Id.* at p. 928.) The court held that by authorizing conditional possession of the credit card, the bank bore the risk of nonpayment. (*Id.* at p. 933.) In this case, however, American Express did not authorize a conditional possession of a charge card by Francis. Rather, it was Kayatta who authorized Francis as an additional cardmember, and thus he bore the risk of nonpayment by Francis.

### 2. *Duty to Disclose Based upon Long-standing Business Relationship.*

Kayatta also contends that the "special relationship" of "trust and confidence" he shared with American Express imposed a duty upon the latter to disclose to him that Francis was a bad credit risk. In support of this argument he cites *Barrett v. Bank of America* (1986) 183 Cal.App.3d 1362 [229 Cal.Rptr. 16]. There, the court noted that some courts in other states have recognized that the relationship between a bank and its loan customers may give rise to "a duty of disclosure of facts which may place the bank or a third party at an advantage with respect to the customer." (*Id.* at p. 1369.)[1]

---

[1] We note that the three state cases cited for this proposition were made in the context of causes of action for fraud and failure to disclose material facts. *Stewart v. Phoenix Nat'l Bank* (1937) 49 Ariz. 34 [64 P.2d 101, 106], states that: "It is, of course, true that the relation between a bank and a simple depositor therein is that of debtor and creditor, and ordinarily no confidential relation arises out of such circumstances, but in the present case the claim is that the relation between plaintiff and defendant was far beyond that of a mere debtor and creditor. It is alleged . . . that for some twenty-three years the plaintiff was not only a customer of the bank, but its officers and directors had been his financial advisers; that he had been told repeatedly of their friendship for him and had relied upon their advice; and that by reason of such relations he believed they would take no financial advantage of him." Similarly, the Iowa Supreme Court explained that *First Nat'l Bank v. Brown* (Iowa 1970) 181 N.W.2d 178, "does not hold, as [appellants] seem to suggest, that a confidential relationship arises out of every bank-borrower relationship." (*Manson State Bank v. Tripp* (Iowa 1976) 248 N.W.2d 105, 108.) Finally, *Klein v. First Edina Nat'l Bank* (1972) 293 Minn. 418 [196 N.W.2d 619], held that there was no duty to disclose material facts in that case because "[t]he fact that plaintiff [(bank)] had done business with defendant [(depositor)] for nearly 20 years could not by itself place defendant in a confidential relation to plaintiff." (*Id.*, 196 N.W.2d at p. 623.)

Nothing in the record suggests a confidential relationship between American Express and Kayatta that would give rise to a duty to disclose material facts.[2] Although Kayatta "had a longstanding relationship with American Express, both as an employee and a franchisee, and as a cardholder," Kayatta does not claim to have relied upon American Express for advice on whom to add as additional cardmembers; nor does he claim that American Express induced him to authorize Francis as an additional cardmember. Thus, we decline to find that American Express had a duty to disclose to Kayatta that it had obtained a judgment against Francis.[3]

3. *Duty to Disclose as Part of the Implied Covenant of Good Faith and Fair Dealing.*

■ Finally, Kayatta contends that the implied covenant of good faith and fair dealing requires American Express to "disclose its prior negative experience with Mr. Francis, arising from his failure to pay for charges on his own card." We disagree. "The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made.*" (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 349 [100 Cal.Rptr.2d 352, 8 P.3d 1089].) Here, the business agreement did not state that Kayatta would be provided with credit-related information about additional cardmembers. In addition, the failure to disclose the judgment against Francis did not frustrate Kayatta's rights to receive any and all of the benefits of the business agreement. Kayatta does not dispute that he received a charge card and that he was able to add (or remove) Francis as an additional cardmember. Nor does he contend that he failed to receive any of the other ancillary benefits of using the charge card. Thus, the implied covenant of good faith and fair dealing does not impose a duty to disclose.

■ In conclusion, Kayatta has not shown that American Express had a contractual obligation to inform him that its affiliate had obtained a judgment against Francis. Therefore, American Express was entitled to enforce the terms of the business agreement and to seek money damages from Kayatta to repay charges incurred by additional cardmembers.

---

[2] We note that in his reply brief, Kayatta asserts that he "does NOT seek to establish that his relationship with American Express was a 'special relationship', [*sic*] such as to give rise to **tort damages** arising from the implied contractual covenant of good faith and fair dealing."

[3] We also are not persuaded that the fact that an affiliate of American Express had obtained a judgment against Francis is a material fact. There is no contention that the judgment against Francis was private or secret information. In addition, the fact that Francis was a poor credit risk for American Express does not necessarily mean that he was a poor credit risk for Kayatta. Francis might have prioritized repaying Kayatta over repaying other creditors.

## DISPOSITION

The judgment against appellant is affirmed. Costs are awarded to respondent.

Epstein, P. J., and Willhite, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 16, 2011, S189459. Kennard, J., did not participate therein.